DECEMBER, 1823.

Gilchrist *against* Dandridge.

JUDGE *Minor* delivered the opinion of the Court.

This was an action of Debt by *Malcolm Gilchrist* against *Nathaniel W. Dandridge,* in the Circuit Court of *Morgan* County, on a Bond for $246, payable 1st day of *January,* 1820. *Dandridge* plead that the Bond was given for part of the price of a quarter section of land sold to him by *Gilchrist,* at which sale *Gilchrist* gave his Bond, binding himself to transfer to him the Register's certificate for this quarter section, and leave the same with *John Martin,* in the Receiver's office at *Huntsville,* on or before the 1st of *May,* 1819. That the plaintiff did not, on or before this day, so transfer and leave the certificate with Mr. *Martin ;* by reason whereof the consideration of defendant's Bond has wholly failed. *Gilchrist* demurred to this plea. The Circuit Court overruled the demurrer and rendered judgment for the defendant : which matter *Gilchrist* here assigns as Error.

*(Margin note: Not a good bar that the bond declared on was in part of the price of a tract of land, which plaintiff, by Bond, bound himself to transfer to defendant by a certain day, and which transfer he failed to make by the time appointed.)*

The facts stated in the plea do not shew a total failure of the consideration of the Bond declared on. It does not appear that *Dandridge* has not had quiet and uninterrupted possession of the land. For aught that appears, he may, since the first of *May,* have received the certificate with the assignment. The assignment may have been made before, though not left with Mr. *Martin* by that day. If the failure to transfer and deposit the certificate on or before the appointed day occasioned a total failure of the object of the purchase, it should have been distinctly so shewn by the plea. The defendant has his remedy on the plaintiff's Bond for any anjury he may have sustained by the plaintiff's failing to deposit the certificate by the appointed day : but this circumstance is not of itself sufficient to rescind the contract.

The judgment of the Circuit Court must be reversed, and judgment for the plaintiff rendered here.

Judge *Ellis* not sitting.

*Coalter,* for plaintiff—cited, 1 Bac. Abr. 640. 2 John. Rep. 272—387. 5 Id. 74. 7 Id. 249.

*Kelley* and *Hutchisson,* for defendant in Error.